1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                              EASTERN DISTRICT OF CALIFORNIA

10

11    ALLSTATE NORTHBROOK
      INDEMNITY COMPANY,                            No. 2:24-cv-00560-TLN-JDP
12
                          Plaintiff,
13
              v.
14
      TRINH TRAN, an individual; and STEVE          **ORDER**
15    LIERLY, an individual,

16                        Defendants.

17

18            This matter is before the Court on Plaintiff Allstate Northbrook Indemnity Company's

19    ("Plaintiff") Motion to Strike Pursuant to Federal Rule of Civil Procedure ("Rule") 12(f).  (ECF

20    No. 17.)  Defendants Trinh Tran ("Tran") and Steve Lierly ("Lierly") (collectively, "Defendants")

21    filed an opposition.  (ECF No. 18.)  Plaintiff filed a reply.  (ECF No. 20.)  For the reasons set

22    forth below, Plaintiff's motion is DENIED.

23    ///

24    ///

25    ///

26    ///

27    ///

28

                                                    1

I.   **FACTUAL AND PROCEDURAL BACKGROUND**

In November 2019, Defendants were involved in an auto accident. (ECF No. 12 at 6.)  At the time of the accident, Lierly had an insurance policy with Plaintiff which had a bodily injury liability limit of $250,000 per person. (*Id.*)  In April 2020 and again in April 2021, Tran made offers to settle for the policy's limit. (*Id.* at 6–7, 10.)  Plaintiff alleges it did not accept the offers because it believed that "the information [it] currently ha[d] regarding [Tran's] claimed damages d[id] not support a policy limits settlement." (*Id.* at 8, 10.)  After receiving additional information about Tran's injuries, Plaintiff tendered the policy's limit in June 2022, but Tran did not accept it. (*Id.* at 11.)  Tran proceeded to trial against Lierly and obtained a judgment against him for $3,880,836,70. (*Id.* at 15.)  Lierly thereafter entered into an agreement with Tran assigning his rights under the policy to her in exchange for a covenant not to execute on the judgment against him. (*Id.* at 16.)

On February 22, 2024, Plaintiff filed the instant action against Defendants for declaratory judgment seeking a declaration that it did not unreasonably reject a reasonable offer to settle within the policy's limit and has no duty to pay anything more than the policy's limit. (ECF No. 1.)  On April 29, 2024, Defendants filed a counterclaim in which they seek to recover the amount of the judgment above the policy's $250,000 liability limit and attorneys' fees incurred in obtaining the amount. (ECF No. 12.)  Defendants contend Plaintiff is liable for the amount of the judgment above the policy's limit because Plaintiff unreasonably failed to accept settlement offers within the policy's limit. (ECF 17-1 at 2.)  On May 16, 2024, Plaintiff filed the instant motion to strike pursuant to Rule 12(f). (ECF No. 17.)

II.   **STANDARD OF LAW**

Rule 12(f) provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  A court will only consider striking a defense or allegation if it fits within one of these five categories. *Yursik v. Inland Crop Dusters Inc.,* No. CV-F-11-01602-LJO-JLT, 2011 WL 5592888, at \*3 (E.D. Cal. Nov. 16, 2011) (citing *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973–74 (9th Cir. 2010)).  "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time

2

1  and money that must arise from litigating spurious issues by dispensing with those issues prior to

2  trial." *Sidney-Vinstein v. A.H. Robins Co*., 697 F.2d 880, 885 (9th Cir. 1983).  However, Rule

3  12(f) motions are "generally regarded with disfavor because of the limited importance of pleading

4  in federal practice, and because they are often used as a delaying tactic."  *Neilson v. Union Bank*

5  *of Cal*., N.A., 290 F. Supp. 2d 1101, 1152 (C.D. Cal. 2003).  "Ultimately, whether to grant a

6  motion to strike lies within the sound discretion of the district court."  *Id*.  If the court is in doubt

7  as to whether the challenged matter may raise an issue of fact or law, the motion to strike should

8  be denied, leaving the assessment of the sufficiency of the allegations for adjudication on the

9  merits after proper development of the factual nature of the claims through discovery.  *See*

10  *generally Whittlestone, Inc*., 618 F.3d at 974–75.

11    **III.    ANALYSIS**

12    Plaintiff moves to strike Defendants' claim for attorneys' fees from their counterclaim.

13  (ECF No. 17.)  It is undisputed that a party who prevails on an insurance bad faith claim can

14  recover attorneys' fees that it incurred to obtain policy benefits.  (ECF No. 17-1 at 2; ECF No. 18

15  at 2); *Brandt v. Superior Ct.*, 37 Cal. 3d 813, 817 (1985).  The parties disagree, however, on

16  whether recovery of a judgment above the policy's limit constitutes a "policy benefit" under

17  *Brandt*.  The parties engage in lengthy briefing on this legal issue.  However, the parties fail to

18  address a threshold procedural issue — whether Rule 12(f) is the proper vehicle for raising these

19  arguments.

20    Plaintiff's briefing is devoid of any discussion of Rule 12(f) or the appropriate standard of

21  law.  More specifically, Plaintiff has not alleged Defendants' claim for attorneys' fees fits into

22  one of the five categories — an insufficient defense or a redundant, immaterial, impertinent or

23  scandalous matter — such that it would be appropriate for this Court to consider striking the

24  claim on a 12(f) motion.  Notwithstanding, Plaintiff argues that Defendants' claim for attorneys'

25  fees should be stricken from the counterclaim because such damages are precluded as a matter of

26  law.  Importantly, however, none of the cases Plaintiff cites involved a 12(f) motion, or even a

27  determination regarding the recoverability of attorneys' fees at the pleadings stage.  (ECF No. 17-

28  1 at 3–5.)  Such a determination at this stage would be contrary to Ninth Circuit precedent.  *See*

1    *Whittlestone, Inc.*, 618 F.3d at 974–75. ("We therefore hold that 12(f) does not authorize district

2    courts to strike claims for damages on the ground that such claims are precluded as a matter of

3    law.").

4          Based on the foregoing, the Court DENIES Plaintiff's motion to strike Defendants' claim

5    for attorneys' fees.

6          **VI.**    **CONCLUSION**

7          For the aforementioned reasons, the Court hereby DENIES Plaintiff's Motion to Strike.

8    (ECF No. 17.)  Plaintiff is ordered to file an answer to Defendants' counterclaim within thirty

9    (30) days.

10         IT IS SO ORDERED.

11   Date: December 2, 2024

12

13

14   _____

15   TROY L. NUNLEY
     CHIEF UNITED STATES DISTRICT JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28