UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLSTATE NORTHBROOK INDEMNITY COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>TRINH TRAN, an individual; and STEVE LIERLY, an individual,<br><br>Defendants. | No. 2:24-cv-00560-TLN-JDP<br><br>**ORDER** |

This matter is before the Court on Plaintiff Allstate Northbrook Indemnity Company's ("Plaintiff") Motion for Judgment on the Pleadings. (ECF No. 23.) Defendants Trinh Tran ("Tran") and Steve Lierly ("Lierly") (collectively, "Defendants") filed an opposition. (ECF No. 25.) Plaintiff filed a reply. (ECF No. 27.) For the reasons set forth below, Plaintiff's motion is GRANTED.

///

///

///

///

///

1

### I.    FACTUAL AND PROCEDURAL BACKGROUND

In November 2019, Defendants were involved in an auto accident. (ECF No. 12 at 6.) At the time of the accident, Lierly had an insurance policy with Plaintiff which had a bodily injury liability limit of $250,000 per person. (*Id.*) In April 2020 and again in April 2021, Tran made offers to settle for the policy's limit. (*Id.* at 6–7, 10.) Plaintiff alleges it did not accept the offers because it believed that "the information [it] currently ha[d] regarding [Tran's] claimed damages d[id] not support a policy limits settlement." (*Id.* at 8, 10.) After receiving additional information about Tran's injuries, Plaintiff tendered the policy's limit in June 2022, but Tran did not accept it. (*Id.* at 11.) Tran proceeded to trial against Lierly and obtained a judgment against him for $3,880,836,70. (*Id.* at 15.) Lierly thereafter entered into an agreement with Tran assigning his rights under the policy to her in exchange for a covenant not to execute on the judgment against him. (*Id.* at 16.)

On February 22, 2024, Plaintiff filed the instant action against Defendants for declaratory judgment seeking a declaration that it did not unreasonably reject a reasonable offer to settle within the policy's limit and that it has no duty to pay anything more than the policy limit. (ECF No. 1.) On April 29, 2024, Defendants filed a counterclaim in which they seek to recover the amount of the judgment above the policy's $250,000 liability limit and attorneys' fees incurred in obtaining the amount. (ECF No. 12.) Defendants contend Plaintiff is liable for the amount of the judgment above the policy's limit because Plaintiff unreasonably failed to accept settlement offers within the policy's limit. (ECF 17-1 at 2.) On January 22, 2025, Plaintiff filed the instant motion for judgment on the pleadings. (ECF No. 23-1.)

### II.    STANDARD OF LAW

Federal Rule of Civil Procedure ("Rule") 12(c) provides that, "[a]fter the pleadings are closed — but early enough not to delay trial — a party may move for judgment on the pleadings." "Rule 12(c) is 'functionally identical' to Rule 12(b)(6)" and the "'same standard of review' applies to motions brought under either rule." *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 n.4 (9th Cir. 2011) (quoting *Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir.1989)). Thus, to survive a motion for judgment on the pleadings, the

2

pleadings "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (applying *Iqbal* to a Rule 12(c) motion); *Johnson v. Rowley*, 569 F.3d 40, 43–44 (2d Cir. 2009) (same); *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010) (same). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

Thus, a motion for "judgment on the pleadings is properly granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law." *Fajardo v. Cnty. of Los Angeles*, 179 F.3d 698, 699 (9th Cir. 1999). However, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). If the Court "goes beyond the pleadings to resolve an issue," a judgment on the pleadings is not appropriate, and "such a proceeding must properly be treated as a motion for summary judgment." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1989). A court may, however, "consider certain materials — documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice — without converting the motion . . . into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

"Where a court grants a motion . . . for judgment on the pleadings under Rule 12(c), leave to amend should be freely given if it is possible that further factual allegations will cure any defect." *Lopez v. Regents of Univ. of California*, 5 F. Supp. 3d 1106, 1113 (N.D. Cal. 2013); *see also Lonberg v. City of Riverside*, 300 F. Supp. 2d 942, 945 (C.D. Cal. 2004) (courts have discretion to grant leave to amend instead of entry of judgment).

///

///

3

### III.  ANALYSIS

Plaintiff moves for judgment on the pleadings solely on Defendants' counterclaim for attorneys' fees. Plaintiff argues, under *Brandt v. Superior Court*, a party cannot recover the attorneys' fees incurred to obtain damages beyond the amount due under an insurance policy — e.g., to recover an excess judgment. (ECF No. 23-1 at 3 (citing 37 Cal. 3d 813, 817-819 (1985)).)

In opposition, Defendants contend policy benefits are not limited to a policy's limit but also include nonmonetary benefits such as an insurer's duty to accept reasonable settlement offers and protection from personal liability for the insured. (ECF No. 25 at 9–16.) Defendants argue, in situations where an insurer unreasonably refuses to settle, amounts owed to an insured under the policy include the amount of the judgment above a policy's limit. (*Id*. at 12.) Defendants contend the attorneys' fees incurred to obtain payment of the judgment above a policy's limit in these situations are recoverable as *Brandt* fees.[1] (*Id*. at 16–21.)

In the seminal case, *Brandt v. Superior Court*, the petitioner, after becoming totally disabled, made a timely demand for benefits under a group disability insurance policy, which the insurer unreasonably refused to pay. 37 Cal. 3d 813 at 815–816. The petitioner filed a lawsuit and sought attorney's fees incurred in connection with his breach of contract claim as part of the damages resulting from the insurer's conduct. *Id.* The California Supreme Court held that when an insurer tortiously withholds policy benefits, the attorney's fees reasonably incurred by the

---

[1] Defendants contend Plaintiff's motion is procedurally improper because Plaintiff violated the Court's Civil Standing Order by filing its motion without engaging in any pre-filing meet and confer. The Court finds Plaintiff did not properly meet and confer prior to filing its motion, which indeed violates the Court's Civil Standing Order. However, given Defendants were not prejudiced by the failure to meet and confer, the Court exercises its discretion and reaches the merits of the motion. *See Tuggle v. City of Tulare*, No. 119CV01525NONESAB, 2021 WL 2003196, at *3 (E.D. Cal. May 19, 2021). The parties are warned that any future failure to meet and confer could lead to the Court striking the motion in its entirety.

Defendants also contend Plaintiff's motion is procedurally improper because Rule 12(c) does not specifically authorize a motion for judgment on the pleadings directed to less than the entire complaint. (ECF No. 25 at 8 (citing *Curry v. Baca*, 497 F. Supp. 2d 1128, 1130 (2007)).) However, the *Curry* court expressly noted Rule 12(c) does not specifically prohibit a motion for judgment on the pleadings directed to less than the entire complaint. Rather, "[i]t is the practice of many judges to permit "partial" judgment on the pleadings, if appropriate." *Curry*, 497 F. Supp. 2d at 1131. Accordingly, the Court finds the motion procedurally proper.

insured to compel payment of those benefits are recoverable as an element of damages. *Id.* at 817. However, as the court later emphasized in *Essex Ins. Co. v. Five Star Dye House, Inc.*, such recovery is limited to fees incurred to obtain the policy benefits and does not extend to fees related to other aspects of the litigation, such as punitive damages or emotional distress claims. 38 Cal. 4th 1252, 1258 (2006) Further, "attorney fees expended to obtain damages exceeding the policy limit or to recover other types of damages are not recoverable as *Brandt* fees." *Id.*; *see also Slottow v. American Casualty Co.*, 10 F.3d 1355, 1362 (1993).

Accordingly, and in light of clear binding authority, the Court finds Defendants cannot recover attorneys' fees incurred to obtain damages beyond the amount due under an insurance policy. Defendants' reliance on the unpublished decision, *Encarnacion v. 20th Century Ins. Co.*, No. B222313, 2011 WL 5121158 (2011), is unpersuasive. Absent binding authority to the contrary, the Court GRANTS Plaintiff's Motion for Judgment on the Pleadings.

### VI. CONCLUSION

For the aforementioned reasons, the Court GRANTS Plaintiff's Motion for Judgment on the Pleadings. (ECF No. 23.)

IT IS SO ORDERED.

Date: September 9, 2025

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE